## KUHN v. UNITED STATES.
### No. 4350.

Circuit Court of Appeals, Third Circuit.

July 3, 1930.

Wm. S. Dalzell, of Pittsburgh, Pa. (Rufus Marriner, of Washington, Pa., and Dalzell, Dalzell & McFall, of Pittsburgh, Pa., of counsel), for appellant.

Wm. J. Aiken, of Pittsburgh, Pa., Louis E. Graham, U. S. Atty., of Beaver, Pa., and John A. McCann, Sp. Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

In the court below the defendant was convicted and fined for alleged violation of the statute which provides that any one "who willfully attempts in any manner to defeat or evade the tax imposed by this title, shall be guilty of a misdemeanor" etc. Revenue Act 1921, § 253 (42 Stat. 268). Thereupon he took this appeal.

The alleged violation of such statute occurred, as was alleged, in making an income tax return. It will be observed that, recognizing that any one might innocently or unadvisedly make mistakes in income tax returns, the statute made the misdemeanor conditioned on there being a willful attempt to evade the tax.

On behalf of the government it was contended a profit in certain stock transaction was made during the current tax year and such profit was not reported. On behalf of the defendant it was contended that there was a contract covering this transaction, and that, until such contract came to an end at a time subsequent to the tax year, it could not be determined whether a profit or a loss was made. On this phase of the case the court charged:

"Now, gentlemen, we say to you that if you believe and are satisfied by the proof *beyond a reasonable doubt* that this contract was entered into, and it was for a six year period, and that all of these transactions, that in relation to the Pan-American Oil Company and the other stocks which were testified to as being incidental to that, were to be carried over and run for a six year period, if you are satisfied that that is the situation, then there could be no guilt in this case on the part of the defendants, because there would be no legal liability on their part to make a return until the expiration of the contract period."

It would thus appear that the court put on the defendant the burden of establishing his defense by proof beyond a reasonable doubt. Standing alone and without qualification, this was manifest error. It is true that in a subsequent part of the charge the court, without withdrawing or qualifying such erroneous instruction, charged in reference to the contract:

"Now, gentlemen, if you find from the evidence in this case that that was the situation—you do not have to be satisfied of that fact beyond a reasonable doubt, but by the fair weight of testimony that such was the case, then there could be no conviction in this case, because, if a man acts honestly, under the advice of counsel, he is not guilty of any criminal intent."

Which of these instructions the jury followed, it is impossible to say. In view of the gravity of the charge and the burden placed on the defendant, contrary to law, of proving innocence beyond all reasonable doubt, we are constrained to reverse the case and remand it for procedure in due course.